1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10          **DISTRICT OF NEVADA**

11

12   SCOTT TENE,

13          Plaintiff,                              Case No. 2:11-CV-01095-KJD-PAL

14   v.                                             **ORDER**

15   BAC HOME LOAN SERVICING LP, *et al.*,

16

17          Defendants.

18
19          Before the Court is the Motion to Dismiss (#13) filed by Defendants Bank of America, N.A.

20   ("Bank of America"), ReconTrust Company, N.A. ("ReconTrust"), and The Bank of New York

21   Mellon ("BNY Mellon").  Plaintiff has filed an opposition (#20).

     I.  Background
22
23          Plaintiff purchased a property at 6628 Beacon Road, Las Vegas, Nevada (the "Property) on

24   September 28, 1989.  In November, 2004, Plaintiff refinanced the Property with a $147,000 loan

25   from Countrywide Home Loans and secured this loan with a Deed of Trust encumbering the

26   Property.  Countrywide Title Corporation was the original foreclosure trustee on the Deed of Trust.

Mortgage Electronic Registration Systems ("MERS") was listed as the beneficiary and nominee of the lender.  The Deed of Trust permitted the lender to foreclose on the Property in the event of a default.

Plaintiff defaulted and on February 25, 2011, ReconTrust, acting as agent for the beneficiary, recorded the Notice of Default/Election to Sell under the Deed of Trust.  On February 28, 2011, MERS assigned the Deed of Trust to BNY Mellon for the certificate holders of a mortgage backed security.  On that same day BAC Home Loans (formerly Countrywide, now Bank of America) as servicer of the loan and as attorney in fact, executed a Substitution of Trustee formally substituting ReconTrust as the trustee under the Deed of Trust.

On May 9, 2011 the Foreclosure Mediation Program issued a Certificate permitting foreclosure to proceed.  On May 25, 2011 ReconTrust executed a Notice of Trustee's Sale, setting the sale date for June 16, 2011.  The sale was postponed and no sale has taken place.

On June 14, 2011 Plaintiff filed the Complaint in state court seeking declaratory and injunctive relief and stating claims for breach of contract, breach of the obligation of good faith and fair dealing, violation of the Real Estate Settlement Procedures Act  ("RESPA") , and negligent misrepresentation.  The Complaint was removed here on July 1, 2011, and Defendants moved to dismiss.

II.  Discussion

A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal

1   conclusions, bare assertions, or merely conclusory.  Id. at 1949–51.  Second, the Court considers the

2   factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the

3   allegations state plausible claims for relief, such claims survive the motion to dismiss.  Id. at 1950.

4          Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of *pro se*

5   parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se

6   litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

7   record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

8          **B.  Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing**

9          To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the

10  existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that

11  the defendant breached, and (4) that the plaintiff sustained damages.  Calloway v. City of Reno, 1993

12  P.2d 1259, 1263 (2000).  Basic contract principles require, for an enforceable contract, an offer and

13  acceptance, meeting of the minds, and consideration." May v. Anderson, 121 Nev. 668, 672, 119

14  (2005).  Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair

15  dealing in its performance and execution." A.C. Shaw Constr. v. Washoe County, 105 Nev. 913, 784

16  P.2d 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205)

17          Plaintiff admits that he failed to perform his obligation to timely make full mortgage

18  payments.  (Complaint at ¶ 10.)  Plaintiff fails to set forth any specific facts showing how any of the

19  Defendants breached a contract or what provision they breached.[1]  Additionally, Plaintiff's complaint

20  lacks any factual information showing a failure of any of the Defendants to act in a manner faithful to

21  the purpose of the contract.  The Loan documents provide for foreclosure against the property in the

22  event of default and did not guarantee modification of the loan. Plaintiff's claim lacks sufficient

---

24          [1] In his Opposition to the Motion to Dismiss Plaintiff, for the first time, claims that a contract was formed when

25  he was "verbally approved" for a modification. (Compl. ¶ 25.)  Even if Plaintiff had adequately pled the existence of a
    verbal contract, modifications to deeds of trust or promissory notes are subject to the statute of frauds and must be in

26  writing. See Hampton v. Countrywide Home Loans, Inc., 2011 WL 1792743, at 2 (D.Nev. 2011).

1   factual matter to state any plausible claim for relief against the moving Defendants. See Iqbal, 129

2   S.Ct. At 1949; Fed. R. Civ. P. 8(a)(2).  Accordingly, Defendants' Motion to Dismiss the claims for

3   breach of contract and breach of the covenant of good faith and fair dealing is granted.

4          C.  Violation of RESPA

5          RESPA 12 U.S.C. ¶¶ 2601-2617, requires *inter alia,* a servicer of any federally related

6   mortgage loan to "notify the borrower in writing of any assignment, sale, or transfer of the servicing

7   of the loan to any other person." 12 U.S.C. ¶ 2605(b)(1).  Individuals are entitled to actual damages

8   for failure to comply with the notice provision.  If a pattern or practice of noncompliance is

9   demonstrated, courts may award additional damages, up to $1,000.  12 U.S.C. ¶ 2605(f)(1)(a)-(b).

10         Plaintiff contends that Defendant Bank of America failed to give Plaintiff notices of transfer

11   as required by RESPA.  However, Plaintiff fails to allege any damages as a result of the alleged

12   violation and provides no facts from which damages can be inferred.  Moon v. Countrywide Home

13   Loans, Inc.,  2010 WL 522753, 5 (D.Nev. 2010) (claim failed where plaintiff did not allege that he

14   suffered any pecuniary loss as a result of the alleged RESPA violation).  Further, Plaintiff's claim of

15   a single violation by Defendant BAC does not state a claim for statutory damages.  Plaintiff has

16   failed to provide facts indicating damages arising from the alleged violation.  Accordingly, the

17   RESPA claim fails as a matter of law.

18         D.  Negligent Misrepresentation

19         Nevada follows the the Restatement (Second) of Torts § 552 definition of negligent

20   misrepresentation.  Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998).  To state a claim

21   for negligent misrepresentation, a plaintiff must plead:

22              "1) a representation that is false; 2) that the representation was made in the
                course of the defendant's business or in any action in which he has a
23              pecuniary interest; 3) the representation was for the guidance of others in
                their business transactions; 4) the representation was justifiably relied
24              upon; 5) that such reliance resulted in pecuniary loss to the relying party;
                and 6) that the defendant failed to exercise reasonable care or competence
25              in obtaining or communicating the information.

26

4

G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc., 460 F.Supp.2d 1246, 1262 (D.Nev. 2006). Claims of intentional and negligent misrepresentation must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1996) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement."). To satisfy the particularity requirement, the Complaint must plead with particularity "averments as to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake." Incorp Services, Inc. v. Nevada State Corporate Network, Inc., 2008 U.S. Dist. LEXIS 87214 *2 (D. Nev. 2008) (citing Brown v. Kellar, 636 P.2d 874 (Nev. 1981) and Allwaste, Inc. v. Hecht, 65 F.3d 1523 (9th Cir. 1995)).

Plaintiff fails to plead his negligent misrepresentation claim with the required particularity. Specifically, Plaintiff fails to identify the person making the alleged misrepresentation, the place where it was made, or time that it was made. Further, Plaintiff does not explain how he relied on any statements made by Bank of America or how he suffered an actual pecuniary loss as a result of these statements. Plaintiff's claim for negligent misrepresentation is inadequately pled and accordingly is dismissed.

E. Declaratory and Injunctive Relief

Declaratory or injunctive relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action). Plaintiff has failed to state a claim on his underlying causes of action and fails to plead facts showing that he is entitled to equitable relief. Accordingly, Plaintiff's claims for declaratory and injunctive relief are dismissed.

III.  Conclusion

    **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#13) is **GRANTED**.

    **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies in every respect with this Order and the Federal Rules of Civil Procedure by February 7, 2012. Failure to do so will result in dismissal of the action with prejudice.

    DATED this 24th day of January 2012.


_____
Kent J. Dawson
United States District Judge

6