UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

2012 JUL 20 P 1: 08

IN RE: )
)   Case No. 11-28506-HRT
SCOTT PAUL TENE )
XXX-XX-9682 )   Chapter 11
)
Debtor. )

*2:/1CV1895*

## ORDER CONFIRMING SECOND AMENDED PLAN OF
## REORGANIZATION DATED MARCH 15, 2012 AS AMENDED

The Second Amended Plan of Reorganization Dated March 15, 2012 as amended on July 12, 2012 (the "Plan") under Chapter 11 of the Bankruptcy Code filed by Scott Paul Tene (the "Debtor") having come before the Court for confirmation, no objections remaining, the Court having considered the Debtor's Declaration in Support of Plan Confirmation, and the Court having reviewed the file, finds and Orders as follows:

1. That the Debtor has complied with all applicable provisions of Chapter 11 of the Bankruptcy Code, the Plan meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the Debtor has complied with Section 1125 of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Disclosure Statement along with their relationships to the Debtor.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Code.

6. That all payments made or promised by the Debtor under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

7. That all attorneys' fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

\LITIGATION33628782

8.      That the Plan has been accepted or may be confirmed as to all classes of creditors and interest holders as set forth in the Debtor's Summary of Voting Results as follows:

A. Class 1 consists of all allowed unsecured claims specified in Section 507(a)(3), 507(a)(4) or 507(a)(5) of the Code as having priority.  Class 1 did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

B. Class 2A consists of the secured claim of America's Servicing Company (or its successors or assigns), 4560-4566 Everett Ct., Wheatridge property.  Class 2A is impaired by the Plan. Class 2A did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

C. Class 2B consists of the secured claim of America's Servicing Company (or its successors or assigns), 8901-8903 E Chenango Ave., Greenwood Village property. Class 2B is impaired by the Plan. Class 2B did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

D. Class 3A consists of the secured claim of BAC Home Loans Servicing LP (or its successors or assigns), 6628 Beacon Road, Las Vegas property.  Class 3A is impaired by the Plan. Class 3A did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

E.   Class 3B consists of the secured claim of BAC Home Loans Servicing LP (or its successors or assigns), 4560-4566 Everett Ct., Wheatridge property.  Class 3B is impaired by the Plan. Class 3B did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

F.   Class 3C consists of the secured claim of BAC Home Loans Servicing LP (or its successors or assigns), first deed of trust, 15863 East Navarro Place, Aurora property. Class 3C is impaired by the Plan. Class 3C did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

G. Class 3D consists of the secured claim of BAC Home Loans Servicing LP (or its successors or assigns), second deed of trust, 15863 East Navarro Place, Aurora property. Class 3D is impaired by the Plan. Class 3D did not vote on the Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

\LITIGATION33628782

002974        69904002976017

H. Class 3E consists of the secured claim of BAC Home Loans Servicing LP (or its successors or assigns), 1680 Dallas Street, Aurora Property. Class 3E is impaired by the Plan. Class 3E did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

I. Class 4 consists of the secured claim of Chase Bank One NA (or its successors or assigns) 501 S. Eliot St., Denver, CO. Class 4 is impaired by the Plan. Class 4 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

J. Class 5 consists of the secured claim of Compass Bank Home Equity (or its successors or assigns). Class 5 is impaired by the Plan. Class 5 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

K. Class 6 consists of the secured claim of Compass Secured Card. Class 6 is unimpaired by the Plan and therefore is deemed to have accepted the Plan.

L. Class 7 consists of the secured claim of David and Caroline Brainard Living Trust. Class 7 is impaired by the Plan and the entire claim is treated as unsecured under the Plan. Class7 voted to accept the Plan.

M. Class 8 consists of the secured claim of EMC Mortgage (or its successors or assigns). Class 8 is impaired by the Plan. Class 8 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

N. Class 9 consists of the secured claim of First Horizon Home Loans (or its successors or assigns). Class 9 is impaired by the Plan. Class 9 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

O. Class 10 consists of the secured claim of GMAC Mortgage LLC (or its successors or assigns). Class 10 is impaired by the Plan. Class 10 did not vote on the Plan and is deemed to have accepted the Plan. In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

P. Class 11 consists of the secured claim of Wells Fargo Home Equity (or its successors or assigns). Class 11 is impaired by the Plan. Class 11 did not vote on the

3

002974                              69904002976026

Plan and is deemed to have accepted the Plan.  In re Ruti Sweetwater, 836 F.2d 1263 (10th Cir. 1988).

Q. Class 12 consists of the allowed general unsecured claims.  Class 12 has voted to accept the Plan.

R. Class 13 consists of the interests of the Debtor in his property.  Class 13 is unimpaired by the Plan and therefore is deemed to have accepted the Plan.

9.    That on the effective date of the Plan, all property of the estate will revest in the Debtor free and clear of all liens and claims, except as otherwise provided in the Plan or this Order.

10.    The Debtor shall receive a discharge pursuant to Section 1141(d) upon completion of all payments to Class 12 under the Plan, or such earlier time as is ordered by the Court.

11.    That the discharge to be granted (a) avoids any judgment at any time obtained to the extent that such judgment is a determination of the liability of either Debtor with respect to any debt discharged under 11 U.S.C. Section 1141, whether or not discharge of such debt is waived; (b) operates as an injunction against the commencement or continuation of any action, the employment of process or any act to collect, recover or offset such debt as a personal liability of the Debtor or from property of the Debtor.

IT IS HEREBY ORDERED

That the Second Amended Plan of Reorganization Dated March 15, 2012 as amended on July 12, 2012 filed by the Debtor is hereby CONFIRMED.

DONE and entered this 16th   day of July, 2012 at Denver, Colorado.

BY THE COURT:

_Howard Tallman_

Honorable Howard R. Tallman
United States Bankruptcy Court Judge

4

\LITIGATION33628782

002974   69904002976026

69904002976035

WED-69904 1082-1 pdf904 11-28506
District of Colorado
US Bankruptcy Court
US Custom House
721 19th St.
Denver, CO 80202-2508

002974  2974 1 AT 0.371  89101  5 7  7055-1-2974

ılı|llıl|ılı|llılıılıılı|ılılıılllı|ılıllı|ılılıllı|lıı|ıllllllı|ll|ıı|llıııll|ıııl

U.S. Dist Ct. 2:11-Cv-01095-KJD
333 Las Vegas Blvd South
Las Vegas, NV 89101-7065



Get word fast.  Send word faster.

# FREE ELECTRONIC
# BANKRUPTCY NOTICING

Make the switch today.  Visit us at ebn.uscourts.gov/fast